EXHIBIT A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

February 05 2020 12:36 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-04716-9

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| NATALIE CAVIN, an individual, | No. |
| Plaintiff, | |
| vs. | SUMMONS (20 days) |
| VALIANT GLOBAL DEFENSE SERVICES INC., a Delaware corporation, formerly known as CUBIC GLOBAL DEFENSE, INC. | |
| Defendant. | |

TO: **VALIANT GLOBAL DEFENSE SERVICES INC.**

A lawsuit has been started against you in the above-entitled Court by Plaintiff Natalie Cavin ("Plaintiff"). Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing and serve a copy upon the undersigned attorneys for the Plaintiff within twenty (20) days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what she asked for because you have not responded. If you serve a Notice of Appearance on the undersigned attorneys, you are entitled to notice before a default judgment

SUMMONS – Page 1

MBE LAW GROUP PLLC
1001 Fourth Ave., Suite 3200
Seattle, Washington 98154
Tel. (206) 400-7722

1 | may be entered.

2 | You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the
3 | demand must be in writing and must be served upon the person signing this summons. Within
4 | fourteen (14) days after you serve the demand, Plaintiff must file this lawsuit with the Court, or
5 | the service on you of the summons and complaint will be void.

6 | If you wish to seek the advice of an attorney in this matter, you should do so promptly
7 | so that your written response, if any, may be served on time.

8 | This summons is issued pursuant to Rule 4 of the Superior Court Rules of the State of
9 | Washington.

10 | DATED this 5th day of February, 2020.

11 | MBE LAW GROUP PLLC

13 | By: _s/ David C. Martin_
     David C. Martin, WSBA No. 38325
14 | MBE Law Group PLLC
     1001 Fourth Ave., Suite 3200
15 | Seattle, WA 98154
     Telephone: (206) 400-7722
16 | Fax: (206) 400-7742
     Email: dmartin@mbelg.com
17 | Attorneys for Plaintiff Natalie Cavin

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

February 05 2020 12:36 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-04716-9

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR PIERCE COUNTY

| | |
|---|---|
| NATALIE CAVIN<br>Plaintiff(s)<br><br>vs.<br><br>VALIANT GLOBAL DEFENSE SERVICES INC.<br>Defendant(s) | NO. 20-2-04716-9<br><br>**ORDER ASSIGNING CASE TO JUDICIAL DEPARTMENT AND SETTING REVIEW HEARING DATE(PCLR3/PCLR40)**<br><br>Judge: **Alicia Marie Burton**<br>Department: **22**<br>Docket Code: **ORACD** |

**Notice to Plaintiff/Petitioner(s):**
* Case filed, then served: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial Department on the Defendant(s)/Respondent(s) along with a copy of the Summons and Complaint.
* Case served, then filed: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial Department within five (5)
   court days of filing.
* Service by publication pursuant to court order: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial
   Department within five (5) court days of the Defendant(s)/Respondent(s) first response or appearance.

**Trial Date:**
A trial date may be obtained by filing a 'Note of Issue' for assignment of a trial date by noon at least seven (7) court days prior to the date fixed for the mandatory hearing date set out below.

> If a trial date is NOT obtained, failure to appear on the date below may result in dismissal of the case by the Court. Further, if the case has been fully resolved and all final papers have been entered by the Court, no appearance is required.
>
> **Mandatory Hearing Date: May 29, 2020 at 9:00 AM**
>
> At the time of this mandatory hearing, the Court may provide you with a Case Schedule which may include the trial date, if necessary. Failure to appear on this date may result in dismissal of the case by the Court.

**Cases Agreed or by Default:**
If you settle your case by entry of an order of default or agreement and all of the appropriate time requirements have been met, you may file a 'Note for Commissioner's Calendar to appear before a Court Commissioner for entry of all final papers unless presentation is allowed in the Commissioner's Ex Parte Department.

February 5, 2020
Date

Alicia Marie Burton
Department 22

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

February 05 2020 12:36 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-04716-9

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| NATALIE CAVIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VALIANT GLOBAL DEFENSE SERVICES INC., a Delaware corporation, formerly known as CUBIC GLOBAL DEFENSE, INC.<br><br>Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES** |

## I. NATURE OF THE CASE

1. This action arises from an employment relationship between Natalie Cavin ("Cavin" or "Plaintiff") and Defendant Valiant Global Defense Services Inc. ("Defendant"). Cavin hereby alleges against Defendant as follows:

## II. PARTIES

2. Cavin is an individual residing in Thurston County, Washington.

3. Defendant Valiant Global Defense Services Inc. is a Delaware corporation. Defendant transacts business at Joint Base Lewis-McChord in Pierce County, Washington. At relevant times, Defendant also had an administrative office in Olympia, Washington.

4. In 2018, Valiant Global Defense Services Inc. acquired Cubic Global Defense, Inc. ("Cubic"). This was not a mere asset purchase. Instead, Defendant Valiant Global Defense Services Inc. now owns the legal entity formerly known as Cubic Global Defense Services Inc.

5. Defendant sometimes conducts business as Valiant Integrated Services.

6. Defendant employed Plaintiff.

7. Defendant is an employer subject to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA").

8. Defendant is an employer subject to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, as amended ("FMLA").

9. Defendant is a federal contractor subject to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, as amended ("Rehabilitation Act").

10. Defendant is an employer subject to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII").

11. Defendant is an employer subject to the Washington Law Against Discrimination, RCW 49.60 *et seq.* ("WLAD").

### III. JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to RCW 2.08.010.

13. Venue is proper in Pierce County pursuant to RCW 4.12.025(1) and (3) because Defendant transacts business in Pierce County and therefore resides in Pierce County.

14. Cavin filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") for disability and sex discrimination, and she received a notice of right to sue letter from the EEOC dated December 10, 2019.

15. Cavin has exhausted all necessary administrative procedures to assert her Title VII and ADA claims.

## IV. FACTUAL BACKGROUND

16. In February 2016, Cubic Global Defense, Inc. ("Cubic") hired Cavin to work as a Battle Staff Trainer at the Mission Training Complex at Joint Base Lewis-McChord.

17. Cavin performed work under a contract ("the MTCCS-MTC contract") between Cubic and the United States government.

18. Defendant Valiant Global Defense Services Inc. acquired Cubic in 2018. Cubic's MTCCS-MTC contract was set to expire at the end of July 2018, but Defendant was awarded the replacement contract by the United States government.

19. Cavin worked on a team with approximately 10 other trainers who all worked on mission command training and performed the same type of work and core tasks as Cavin. Cavin was the only woman in that group of similarly situated employees.

20. Cavin suffers from medical conditions constituting a disability under the ADA and WLAD. She disclosed her disability to Defendant.

21. In 2018, Cavin took intermittent FMLA leave for medical reasons related to her disability, and she went on continuous FMLA leave in around May 2018. She also took short term disability leave through her employer's policy.

22. With the MTCCS-MTC contract set to expire at the end of July 2018, Cavin applied for a position with Defendant under the replacement contract. Cavin was qualified for the position.

23. While Cavin was still on leave due to her disability, Defendant notified her that she would not be given a position under the replacement contract and that she was terminated effective July 31, 2018.

24. Upon information and belief, Defendant did not terminate any of the other employees from the group of similarly situated trainers who performed the same work and core tasks as Cavin.

25. Defendant selected Cavin for termination despite the fact that Cavin had no disciplinary history and no negative performance reviews. Cavin had performed her job well and was given a performance bonus for her work.

26. Defendant's decision to terminate Cavin was motivated by her disability.

27. Defendant engaged in FMLA interference and retaliation by using Cavin's protected FMLA leave as a negative factor in the decision to not select her for the replacement contract and to terminate her employment.

28. Defendant's termination of Cavin was motivated by her sex/gender. Similarly situated male employees were not selected for termination. Prior to termination, Cavin's supervisor treated Cavin less favorably than male co-workers by not assigning Cavin comparable responsibilities to the male trainers and requiring Cavin to ask her male co-workers (not superiors, but co-workers) if they had any work she could assist with. None of the similarly situated male trainers were subjected to this treatment.

29. While working for Defendant, Cavin was also subjected to sexually inappropriate and harassing comments from male co-workers because of her gender. In her written exit questionnaire, Cavin stated: "I was sexually harassed a lot," "I would change the view of women in this environment," and "I encourage sexual harassment counseling." Defendant was apparently unconcerned by this feedback and did not follow up with Cavin to gather additional information to remedy the harassment. Upon information and belief, Defendant solicited feedback about Cavin from male employees who had harassed her, and Defendant relied upon their discriminatory feedback when terminating her.

## V. FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF

## THE AMERICANS WITH DISABILITIES ACT

30. Plaintiff re-alleges and hereby incorporates paragraphs 1 through 29.

1    31.    Plaintiff is a qualified individual with a disability under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended ("the ADA").

2    32.    Defendant discriminated against Plaintiff because of her actual disability and/or because Defendant regarded her as having a disability. Defendant did not select Plaintiff for the replacement contract and terminated Plaintiff's employment because of her disability in violation of the ADA.

3    33.    Defendant's violation of the ADA has caused Plaintiff to suffer damages, including mental and emotional distress and lost wages and benefits, in amounts to be determined at trial.

## VI. SECOND CAUSE OF ACTION
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE WASHINGTON LAW AGAINST DISCRIMINATION

34.    Plaintiff re-alleges and hereby incorporates paragraphs 1 through 33.

35.    As alleged above, Defendant discriminated against Plaintiff because of her disability in violation of the Washington Law Against Discrimination, RCW 49.60 *et seq.* ("the WLAD"). Defendant did not select Plaintiff for the replacement contract and terminated Plaintiff's employment because of her disability in violation of the WLAD.

36.    As a result, Plaintiff has suffered damages, including mental and emotional distress and lost wages and benefits, in amounts to be determined at trial.

## VII. THIRD CAUSE OF ACTION
## FMLA INTERFERENCE AND RETALIATION

37.    Plaintiff re-alleges and hereby incorporates paragraphs 1 through 36.

38.    Plaintiff took protected leave under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, as amended ("the FMLA"). Defendant engaged in FMLA interference and retaliation by treating Plaintiff's protected FMLA leave as a negative factor in the decision to not select Plaintiff for the replacement contract and to terminate her employment.

39. As a result, Plaintiff has suffered lost wages and benefits, and she is entitled to an award of back pay and liquidated damages under the FMLA.

### VIII. FOURTH CAUSE OF ACTION
### DISPARATE TREATMENT BECAUSE OF SEX/GENDER
### IN VIOLATION OF TITLE VII

40. Plaintiff re-alleges and hereby incorporates paragraphs 1 through 39.

41. As alleged above, Defendant discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"). Defendant's decision to not select Plaintiff for the replacement contract and to terminate her employment was motivated by Plaintiff's sex/gender.

42. As a result, Plaintiff has suffered damages, including mental and emotional distress and lost wages and benefits, in amounts to be determined at trial.

### IX. FIFTH CAUSE OF ACTION
### DISPARATE TREATMENT BECAUSE OF SEX/GENDER
### IN VIOLATION OF THE WLAD

43. Plaintiff re-alleges and hereby incorporates paragraphs 1 through 42.

44. Defendant discriminated against Plaintiff because of her sex/gender in violation of the Washington Law Against Discrimination, RCW 49.60 *et seq.* ("the WLAD"). Among other things, Defendant did not select Plaintiff for the replacement contract and terminated Plaintiff's employment because of her sex/gender in violation of the WLAD.

45. As a result, Plaintiff has suffered damages, including mental and emotional distress and lost wages and benefits, in amounts to be determined at trial.

### X. SIXTH CAUSE OF ACTION
### VIOLATION OF THE REHABILITATION ACT OF 1973

46. Plaintiff re-alleges and hereby incorporates paragraphs 1 through 45.

47.   Defendant is a federal contractor and recipient of federal funds subject to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, as amended (the "Rehabilitation Act").

48.   Defendant did not select Plaintiff for the replacement contract at Joint Base Lewis-McChord and terminated Plaintiff's employment because of her disability in violation of Section 504 of the Rehabilitation Act.  29 U.S.C. § 794.

49.   As a result, Plaintiff has suffered damages, including mental and emotional distress and lost wages and benefits, in amounts to be determined at trial.

## XI. SEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

50.   Plaintiff re-alleges and hereby incorporates paragraphs 1 through 49.

51.   The above facts give rise to a claim against Defendant for the tort of wrongful termination in violation of public policy under Washington State law.  Washington has a clear public policy against discrimination in employment.  As described above, Plaintiff was terminated for discriminatory reasons, including gender and disability.

52.   As a result of Plaintiff's wrongful and discriminatory discharge, Plaintiff has suffered damages, including mental and emotional distress and lost wages and benefits, in amounts to be determined at trial.

## XII. PRAYER FOR RELIEF

Plaintiff Natalie Cavin requests that the Court enter judgment against Defendant Valiant Global Defense Services Inc. for the following:

a.   Damages for back pay, including lost wages and benefits, in an amount to be determined at trial;

b.   Damages for mental and emotional distress in an amount to be determined at trial;

c.   Prejudgment and post judgment interest;

d.   Compensation for the tax consequences associated with a damages award;

1      e.    Liquidated damages under the FMLA;

2      f.    Punitive damages to the maximum extent permitted by law for violations of the ADA, Title VII, and the Rehabilitation Act;

    g.    Reasonable attorney's fees and costs; and

    h.    Any further and additional relief that the court deems just and equitable.

DATED this 5th day of February, 2020.

                            MBE LAW GROUP PLLC

By: *s/ David C. Martin*
    David C. Martin, WSBA No. 38325
    MBE Law Group PLLC
    1001 Fourth Ave., Suite 3200
    Seattle, WA 98154
    Telephone: (206) 400-7722
    Fax: (206) 400-7742
    Email: dmartin@mbelg.com
    Attorneys for Plaintiff Natalie Cavin